UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ALEJANDRO TAPIA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv997 |
| | ) | |
| TAKA, INC., et al., | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on plaintiff's amended Motion for Default Judgment. (Dkt. 18.) After a representative for defendants failed to respond to plaintiff's Motion or to appear at the hearing on December 18, 2015, the undersigned Magistrate Judge took this matter under advisement.[1]

I. INTRODUCTION

**A. Background**

Defendant Taka, Inc. is a restaurant in Stafford, Virginia, that has operated and may still be operating under the name "Taka Japanese Steakhouse & Sushi." (Compl. ¶ 3.) Defendant Paul Khahn Nguyen is the registered agent, president, and owner of

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiff's amended Motion for Default Judgment ("Am. Mot. Default J.") (Dkt. 18), the Declaration of Alejandro Tapia ("Tapia Decl.") (Dkt. 17-1), the Declaration of Virginia Diamond in Support of Plaintiff's Request for Attorneys' Fees and Costs as Part of his Motion for Default Judgment ("Diamond Decl.") (Dkt. 17-2), the revised Declaration of Dennis Corkery in Support of Plaintiff's Request for Attorneys' Fees as Part of his Motion for Default Judgment ("Rev. Corkery Decl.") (Dkt. 22-1), the Declaration of Matthew B. Kaplan in Support of Request for Payment of Fees and Expenses ("Kaplan Decl.") (Dkt. 17-5), Plaintiff's Supplemental Brief in Support of his Motion for Default Judgment ("Pl. Supp. Br.") (Dkt. 23), and all attachments and exhibits submitted with those filings.

1

Taka, Inc. and is a resident of Fairfax, Virginia. (Id. at 1, ¶ 4.) Defendants employed plaintiff Alejandro Tapia as a cook, prep-cook, and dishwasher from approximately February 14, 2013 to February 27, 2015. (Id. at ¶ 1.) Before that, plaintiff had worked briefly for defendants in 2012. (Id.) From approximately February 2013 to December 31, 2013, plaintiff regularly worked six days per week, averaging 43 hours per week, and defendants gave plaintiff a paycheck twice a month listing his salary as $450.00. (Tapia Decl. ¶¶ 2, 4; Compl. ¶ 14.) From approximately January 2014 to February 27, 2015, plaintiff regularly worked six days per week, averaging 55 hours per week, and defendants gave plaintiff a paycheck twice a month listing his salary as $450.00. (Tapia Decl. ¶¶ 3-4; Compl. ¶ 16.) During plaintiff's employment with defendants, defendants also paid plaintiff an additional $500.00 in cash twice a month. (Tapia Decl. ¶ 4.) For six pay periods, or approximately 13 weeks, defendants did not pay plaintiff at all. (Am. Mot. Default J. 5-6; Tapia Decl. ¶ 5.) Defendants also never paid plaintiff at a rate of one-and-one-half times his hourly wage for those hours he worked above 40 hours per week. (Compl. ¶ 20.)

On August 5, 2015, plaintiff filed suit against defendants alleging minimum wage and overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. (Id. at 1.) Plaintiff now seeks unpaid wages, liquidated damages, and

2

attorneys' fees and costs. (Am. Mot. Default J. 1, 12.)

### B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject matter and personal jurisdiction over the defaulting party/parties.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This dispute arises under FLSA, 29 U.S.C. § 201 et seq., which provides relief for an action to recover unpaid wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs. See 29 U.S.C. § 216(b). Therefore, federal question jurisdiction exists for this action.

This Court also has personal jurisdiction over defendants because defendant Taka, Inc. is a restaurant with its principal place of business in Stafford, Virginia, and defendant Paul Nguyen is a resident of Fairfax, Virginia. (Compl. 1, ¶ 3.)

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper because all actions giving rise to the claims alleged occurred in this judicial district. (Compl. ¶ 12.)

### C. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court. Fed. R. Civ. P. 4.

On August 22, 2015, plaintiff's private process server personally served defendant Paul Nguyen with a copy of the summons and complaint. (Dkt. 3.) Defendant Paul Nguyen also accepted service on behalf of Taka, Inc. (Dkt. 4.) Paul Nguyen is the owner of Taka, Inc. and is designated by law to accept service of process on behalf of the corporation. (Dkt. 4.) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h).

### D. Grounds for Default Judgment

Defendants have not appeared, answered, or otherwise filed any responsive pleadings in this case.[2] On October 1, 2015, the Honorable Liam O'Grady ordered that plaintiff seek entry of default from the Clerk and subsequently file a Motion for Default Judgment. (Dkt. 5.) On October 15, 2015, the Clerk of this Court entered default as to defendants pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55(a). (Dkt. 11.) Plaintiff filed a Motion for Default Judgment against defendant Taka, Inc. on December 2, 2015. (Dkt. 18.)[3]

---

[2] On or around August 27, 2015, defendant Paul Nguyen called plaintiff's counsel and told her that plaintiff had "a dark soul." (Dkt. 17-6; Am. Mot. Default J. 2.) Plaintiff's counsel told Mr. Nguyen that he should seek counsel, and plaintiff's counsel has not heard from Mr. Nguyen since that time. (Dkt. 17-6; Am. Mot. Default J. 2.) Defendants have not filed any response nor appeared in this Court.

[3] Plaintiff has not sought default judgment against defendant Paul Nguyen due to plaintiff's understanding that Mr. Nguyen has filed for personal bankruptcy. (Am. Mot. Default J. 1 n.1.)

4

## II. <u>FINDINGS OF FACT</u>

Based upon the Complaint, plaintiff's amended Motion for
Default Judgment, the Declaration of Alejandro Tapia, the
Declaration of Virginia Diamond in Support of Plaintiff's
Request for Attorneys' Fees and Costs as Part of his Motion for
Default Judgment, the revised Declaration of Dennis Corkery in
Support of Plaintiff's Request for Attorneys' Fees as Part of
his Motion for Default Judgment, and the Declaration of Matthew
B. Kaplan in Support of Request for Payment of Fees and
Expenses, the undersigned Magistrate Judge makes the following
findings.

Defendant Taka, Inc. is a restaurant in Stafford, Virginia,
that has operated and may still be operating under the name
"Taka Japanese Steakhouse & Sushi." (Compl. ¶ 3.) At all times
relevant to plaintiff's claims, Taka, Inc. was engaged in
commerce within the meaning of FLSA, was an "employer" within
the meaning of FLSA, and "employed" plaintiff within the meaning
of FLSA. (<u>Id.</u> at ¶¶ 6-8.)

Taka, Inc. employed plaintiff as a cook, prep-cook, and
dishwasher from approximately February 14, 2013 to February 27,
2015. (<u>Id.</u> at ¶ 1; Tapia Decl. ¶ 1.) From February 2013 to
December 31, 2013, plaintiff worked six days per week, averaging
43 hours per week, and plaintiff received a paycheck twice a
month listing his salary as $450.00, from which taxes were

5

deducted.[4] (Tapia Decl. ¶¶ 2, 4; Compl. ¶ 14.) From January 2014
to February 27, 2015, plaintiff worked six days per week,
averaging 55 hours per week, and plaintiff received a paycheck
twice a month listing his salary as $450.00, from which taxes
were deducted. (Tapia Decl. ¶¶ 3-4; Compl. ¶ 16.) During
plaintiff's employment, Taka, Inc. also paid plaintiff an
additional $500.00 in cash twice a month. (Tapia Decl. ¶ 4.)
Therefore, for February 2013 to December 31, 2013, plaintiff's
regular pay rate was $10.20 per hour, and for January 2014 to
February 27, 2015, plaintiff's regular pay rate was $7.97 per
hour.[5] Taka, Inc. never paid plaintiff at a rate of one-and-one-
half times his hourly rate for those hours he worked above 40

[4] There is a discrepancy between plaintiff's filings as to how often plaintiff
was paid. The Complaint states that plaintiff received his paycheck and cash
payment on a bi-weekly basis. (Compl. ¶¶ 15, 17-18.) However, the amended
Motion for Default Judgment and plaintiff's sworn declaration state that
plaintiff received his paycheck and cash payment twice a month. (Am. Mot.
Default J. 1, 5; Tapia Decl. ¶ 4.) Thus, the undersigned relies on the
representations made in plaintiff's sworn declaration - that plaintiff was
paid twice a month.
[5] Where an employee's salary covers a period longer than a work-week, it must
be reduced to its work-week equivalent. 29 C.F.R. § 778.113(b). A semimonthly
salary, such as plaintiff received here, is translated to its equivalent
weekly wage by multiplying by 24 (the number of payments in a year) and
dividing by 52 (the number of weeks in a year). Thus plaintiff's weekly wage
here is $950 X 24 / 52, which equals $438.46 per week. However, the regular
rate under FLSA is an hourly rate. 29 C.F.R. § 778.109. Thus to calculate his
regular hourly rate, plaintiff's weekly wage must be divided by the number of
hours which his salary is intended to compensate. 29 C.F.R. § 778.113(a).
From February 14, 2013 to December 31, 2013, plaintiff regularly worked 43
hours per week. Plaintiff's regular hourly rate for that time period is
therefore $438.46 / 43, which equals $10.20 per hour. From January 1, 2014 to
February 27, 2015, plaintiff regularly worked 55 hours per week. Plaintiff's
regular hourly rate for that time period is therefore $438.46 / 55, which
equals $7.97 per hour. In plaintiff's amended Motion for Default Judgment,
plaintiff uses different calculations to arrive at regular hourly rates
slightly greater than those calculated here. (See Am. Mot. Default J. 5.)
However, after reviewing the relevant regulations, the undersigned has
determined that the above calculations are the proper determination of
plaintiff's regular hourly rate under FLSA.

hours per week. (Compl. ¶ 20.)

Additionally, for six pay periods or approximately 13 weeks, Taka, Inc. did not pay plaintiff at all. (Am. Mot. Default J. 5-6; Tapia Decl. ¶ 5.)[6] Therefore, for those weeks, Taka, Inc. owes plaintiff straight pay at the minimum wage set by FLSA – $7.25 per hour – for those hours worked up to 40 hours per week, as well as overtime compensation of one-and-one-half times the minimum wage for those hours worked above 40 hours per week. (Am. Mot. Default J. 5-6.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiffs' claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

Plaintiff moves for the Court to grant default judgment pursuant to his allegations that defendant Taka, Inc. violated the minimum wage and overtime compensation provisions of FLSA, 29 U.S.C. § 201 et seq.

---

[6] These were the pay periods ending January 31, 2014, March 15, 2014, August 15, 2014, September 15, 2014, November 15, 2014, January 31, 2015, and February 28, 2015. (Tapia Decl. ¶ 5.)

## A. Unpaid Minimum Wages

To establish a violation of FLSA for non-payment of minimum wage under 29 U.S.C. § 206, a plaintiff must show that (1) plaintiff was employed by the defendant, (2) plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce, (3) plaintiff was not compensated for all hours worked during each work-week at a rate equal to or greater than the applicable minimum wage, and (4) none of the exemptions in 29 U.S.C. § 213 applied to plaintiff's position. See 29 U.S.C. § 206. Here, the Complaint and plaintiff's declaration satisfy each element of this claim.

First, plaintiff was employed by Taka, Inc. FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employ" is defined to include "to suffer or permit to work." 29 U.S.C. § 203(g). In this case, Taka, Inc. employed plaintiff as a cook, prep-cook, and dishwasher from approximately February 14, 2013 to February 27, 2015. (Compl. ¶ 1; Tapia Decl. ¶ 1.) During that time, Taka, Inc. paid plaintiff $950.00 twice a month, comprised of a paycheck for $450.00 and a cash payment of $500.00. (Tapia Decl. ¶ 4.) Therefore, plaintiff alleged facts sufficient to satisfy the first element of a minimum wage violation claim under FLSA.

Second, the Complaint shows that plaintiff was engaged in

8

interstate commerce or in the production of goods for interstate commerce. Pursuant to FLSA, an employee who works for an enterprise engaged in commerce or the production of goods for commerce is an employee covered by the Act regardless of his actual work duties. Russell v. Cont'l Rest., Inc., 430 F. Supp. 2d 521, 524 (D. Md. 2006) (citing 29 U.S.C. § 203(s)(1)(A)). An "enterprise engaged in commerce or in the production of goods for commerce" is defined as one that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1)(A). Here, plaintiff worked for Taka, Inc., a restaurant in Stafford, Virginia. (Compl. ¶ 3.) Plaintiff has stated that Taka, Inc. sold items from its bar that travelled in interstate commerce, and that it allowed its customers to pay by credit card, which thereby sent communications to out-of-state credit card companies. (Pl. Supp. Br. 2-3, Ex. A.) Furthermore, based on what he observed as an employee, specifically regarding the usual number of patrons served and the restaurant's prices, plaintiff asserts that the annual gross volume of sales made or business done by Taka, Inc. was not less than $500,000. (Id.) Therefore, plaintiff was engaged in commerce within the meaning

9

of 29 U.S.C. § 203(s)(1)(A).

Third, plaintiff shows that he was not adequately compensated pursuant to FLSA's mandates. From January 2014 to February 27, 2015, plaintiff worked on average 55 hours per week. (Compl. ¶ 16; Tapia Decl. ¶ 3.) However, for six pay periods during this time, or approximately 13 weeks, Taka, Inc. did not pay plaintiff at all. (Tapia Decl. ¶ 5; Am. Mot. Default J. 5-6.) Plaintiff submitted a sworn declaration in support of that evidence.[7] Therefore, plaintiff adequately demonstrated facts to support this element of his claim.

Finally, no evidence has been produced to show that any of

---

[7] FLSA requires the employer to keep certain records of hours worked and wages paid. 29 U.S.C. § 211(c). Where the employer fails to keep adequate records, the employee enjoys a lenient burden of proof. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), superseded by statute on other grounds as recognized in IBP, Inc. v. Alvarez, 546 U.S. 21, 25-28 (2005). As the Supreme Court held in Anderson,

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer . . . . If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. . . . It is enough under these circumstances if there is a reasonable inference as to the extent of the damages.

328 U.S. at 687-88. Furthermore, an employee's affidavit about his recollection of the hours he worked and the pay he received, if deemed credible by the Court, may be a basis for the Court to award damages. See, e.g., Wirtz v. Durham Sandwich Co., 367 F.2d 810, 812 (4th Cir. 1966); Lopez v. Lawns 'R' Us, Civ. No. DKC 07-2979, 2008 U.S. Dist. LEXIS 112120, at *9 (D. Md. May 23, 2008) ("An employee's testimony as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed.")

the exemptions listed in 29 U.S.C. § 213 apply to plaintiff.

Consequently, plaintiff appears to be a covered employee

entitled to payment of minimum wages. See Darveau v. Detecon,

Inc., 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the

burden of proving that a particular employee's job falls within

such an exemption.").

### B. Unpaid Overtime Wages

In order to establish a violation of FLSA for non-payment

of overtime wages, a plaintiff must show that (1) plaintiff was

employed by the defendant, (2) plaintiff was engaged in

interstate commerce or in the production of goods for interstate

commerce, (3) plaintiff worked over 40 hours per work-week, (4)

plaintiff was not compensated at a rate of one-and-one-half

times his regular rate for each hour worked in excess of 40

hours per work-week, and (5) none of the exemptions in 29 U.S.C.

§ 213 applied to plaintiff's position. See 29 U.S.C. § 207(a);

Davis v. Food Lion, 792 F.2d 1274, 1276-77 (4th Cir. 1986).

Here, the Complaint and plaintiff's declaration satisfy each

element of this claim.

First, as discussed above, plaintiff was employed by Taka,

Inc. Taka, Inc. employed plaintiff as a cook, prep-cook, and

dishwasher from approximately February 14, 2013 to February 27,

2015. (Compl. ¶ 1; Tapia Decl. ¶ 1.) During that time, Taka,

Inc. paid plaintiff $950.00 twice a month, comprised of a

paycheck for $450.00 and a cash payment of $500.00. (Tapia Decl.
¶ 4.) Therefore, plaintiff alleged facts sufficient to satisfy
the first element of an overtime violation claim under FLSA.

Second, as similarly discussed above, the Complaint shows
that plaintiff was engaged in interstate commerce or in the
production of goods for interstate commerce. Plaintiff worked
for Taka, Inc., a restaurant in Stafford, Virginia. (Compl. ¶
3.) Plaintiff has stated that Taka, Inc. sold items from its bar
that travelled in interstate commerce, and that it allowed its
customers to pay by credit card, which thereby sent
communications to out-of-state credit card companies. (Pl. Supp.
Br. 2-3, Ex. A.) Furthermore, based on what he observed as an
employee, specifically regarding the usual number of patrons
served and the restaurant's prices, plaintiff asserts that the
annual gross volume of sales made or business done by Taka, Inc.
was not less than $500,000. (Id.) Therefore, plaintiff was
engaged in commerce within the meaning of 29 U.S.C. §
203(s)(1)(A).

Third, plaintiff shows that he worked over 40 hours per
week during the time period for which he was employed. From
February 2013 to December 31, 2013, plaintiff worked on average
43 hours per week. (Compl. ¶ 14; Tapia Decl. ¶ 2.) From January
2014 to February 27, 2015, plaintiff worked on average 55 hours
per week. (Compl. ¶ 16; Tapia Decl. ¶ 3.) Plaintiff submitted a

12

sworn declaration in support of that evidence.[8] Therefore, plaintiff adequately demonstrated facts to support this element of his claim.

Fourth, plaintiff shows that he was not compensated at a rate of one-and-one-half times his regular rate for each hour worked in excess of 40 hours per week. From February 2013 to December 31, 2013, plaintiff worked on average 43 hours per week. (Compl. ¶ 14; Tapia Decl. ¶ 2.) From January 2014 to February 27, 2015, plaintiff worked on average 55 hours per week. (Compl. ¶ 16; Tapia Decl. ¶ 3.) Plaintiff represents in his sworn affidavit that, throughout the course of his employment with Taka, Inc., he was paid $950.00 twice a month, comprised of a paycheck for $450.00 and a cash payment of $500.00. (Tapia Decl. ¶ 4.) This lump sum salary did not take into account a differential for overtime pay. (Am. Mot. Default J. 3-4; Compl. ¶¶ 14-18, 20; Tapia Decl. ¶¶ 1-4.) As such, this element is satisfied.

Fifth, as previously discussed above, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to plaintiff. Consequently, plaintiff appears to be a covered employee entitled to payment of overtime wages. See Darveau v. Detecon, Inc., 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular

---

[8] See supra note 7 regarding plaintiff's burden of proof and the permitted use of an employee's affidavit as proof of hours worked and pay received.

13

employee's job falls within such an exemption.").

## IV. REQUESTED RELIEF

Plaintiff requests that the Court (1) grant default judgment against defendant Taka, Inc. in the amount of $18,779.06, consisting of $9,389.53 in unpaid minimum and overtime wages plus an equal amount in liquidated damages,[9] and (2) award costs and reasonable attorneys' fees. (Am. Mot. Default J. 5-6, 12.)

FLSA provides that "[a]ny employer who violates [the Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Pursuant to FLSA, all hours past 40 worked in any given week must be compensated at a rate of "not less than one and one-half times the regular rate." 29 U.S.C. § 207(a)(1). Additionally, the minimum wage under FLSA is $7.25. 29 U.S.C. § 206(a)(1)(C).

Here, from February 14, 2013 to February 27, 2015, Taka, Inc. paid plaintiff $950.00 twice a month, consisting of a paycheck for $450.00 and a cash payment of $500.00. (Tapia Decl.

[9] Plaintiff's amended Motion for Default Judgment actually requests $18,855.88, consisting of $9,427.94 in unpaid minimum and overtime wages plus an equal amount in liquidated damages. However, as noted previously supra note 5, plaintiff uses different calculations to arrive at regular hourly rates slightly greater than those calculated by the undersigned. As described below, the undersigned has determined that, based upon the proper regular hourly rate for plaintiff, the correct amount of damages is $18,779.06, consisting of $9,389.53 in unpaid minimum and overtime wages and an equal amount in liquidated damages.

14

¶¶ 1, 4; Am. Mot. Default J. 5.) Therefore, for February 14, 2013 to December 31, 2013 – when plaintiff worked 43 hours per week – plaintiff's regular hourly pay rate was $10.20 per hour, and for January 1, 2014 to February 27, 2015 – when plaintiff worked 55 hours per week – plaintiff's regular hourly pay rate was $7.97 per hour.[10] Accordingly, for the entire period of plaintiff's employment with Taka, Inc. for which plaintiff was paid, plaintiff is owed the additional half of his regular rate. As such, from February 14, 2013 to December 31, 2013, plaintiff worked 45 weeks for which he was paid, with 3 overtime hours per week, thus totaling 135 overtime hours. (Am. Mot. Default J. 5.) Therefore, Taka, Inc. owes plaintiff (1/2) x ($10.20) x (135 hours), which equals $688.50. Similarly, for January 1, 2015 to February 27, 2015, plaintiff worked 47 weeks for which he was paid, with 15 overtime hours per week, thus totaling 705 overtime hours. (Id.) Therefore, Taka, Inc. owes plaintiff (1/2) x ($7.97) x (705 hours), which equals $2,809.43.

Additionally, for the six pay periods which Taka, Inc. did not pay plaintiff, Taka, Inc. owes plaintiff straight pay at $7.25 per hour – the minimum wage set by FLSA – for each hour worked in those weeks up to 40 hours per week. (Am. Mot. Default J. 5-6.) Taka, Inc. also owes plaintiff at the corresponding overtime rate of $10.88 (calculated as $7.25 x 1.5) for those

---

[10] See supra note 5 for the undersigned's calculations of these rates.

15

hours worked above 40 hours per week in those unpaid weeks.
(Id.) The six pay periods for which plaintiff was not paid
amount to approximately 13 weeks. (Id.) These unpaid pay periods
all fall between January 1, 2014 and February 27, 2015, when
plaintiff was working on average 55 hours per week. (Tapia Decl.
¶¶ 3, 5.) Therefore, Taka, Inc. owes plaintiff 520 hours of
straight pay (13 weeks x 40 hours per week) at $7.25 per hour,
and 195 hours of overtime pay (13 weeks x 15 overtime hours per
week) at $10.88 per hour. This totals $5,891.60. (Am. Mot.
Default J. 6.)

Furthermore, in FLSA cases, employees routinely are awarded
an amount of liquidated damages equal to unpaid wages. See 29
U.S.C. § 216(b); Donovan v. Bel-Loc Diner, Inc., 780 F.2d 1113,
1118 (4th Cir. 1985). An employer may attempt to show that the
violation of FLSA was in good faith in an effort to avoid
payment of the liquidated amount. See 29 U.S.C. § 260; Donovan,
780 F.2d at 1118. In this case, the employer has failed to
appear and present any defense to plaintiff's claim of a willful
violation of FLSA. Accordingly, an award of liquidated damages
equal to the unpaid wages is appropriate.

For these reasons, the undersigned recommends that default
judgment be entered against defendant Taka, Inc. in the amount
of $18,779.06, consisting of $9,389.53 in unpaid minimum and
overtime wages and $9,389.53 in liquidated damages under FLSA.

16

FLSA also provides for the mandatory award of attorneys' fees and costs of the action. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

In support of his request for attorneys' fees and costs, plaintiff has submitted the Declaration of Virginia Diamond in Support of Plaintiff's Request for Attorneys' Fees and Costs as Part of his Motion for Default Judgment and the revised Declaration of Dennis Corkery in Support of Plaintiff's Request for Attorneys' Fees as Part of his Motion for Default Judgment. (Dkts. 17-2 and 22-1.) Plaintiff seeks $6,730.00[11] in attorneys' fees, comprised of 4.7 hours by attorney Virginia Diamond at a rate of $400.00 per hour, 8.4 hours by attorney Dennis Corkery at a rate of $350.00 per hour, 3 hours by attorney Conrad Risher at a rate of $250.00 per hour, 5.5 hours by paralegal Alicia Danze at a rate of $170 per hour, and 1.5 hours by paralegal Evelyn Nunez at a rate of $150 per hour. (Diamond Decl. ¶ 5; Dkt. 17-3; Rev. Corkery Decl. ¶¶ 12-13, 15-16, 18-19, 21-22.) Plaintiff also seeks costs in the amount of $555.00. (Diamond

---

[11] Plaintiff in his amended Motion for Default Judgment requests a total of $7,095.00 in attorneys' fees. (Am. Mot. Default J. 12.) However, that amount appears to have resulted from miscalculations in the amended Motion for Default Judgment and Mr. Corkery's attached declaration. Upon review of the hours worked and applicable pay rates submitted by Ms. Diamond in her declaration and Mr. Corkery in his revised declaration, the correct amount of attorneys' fees is $6,730.00.

17

Decl. ¶ 6.)

Plaintiff has additionally submitted the Declaration of Matthew B. Kaplan in Support of Request for Payment of Fees and Expenses, in which Mr. Kaplan attests to the reasonableness of the above fees. (Dkt. 17-5.) The undersigned has reviewed the declarations of Ms. Diamond, Mr. Corkery, and Mr. Kaplan and finds that these amounts are reasonable and necessary to effectuate relief under FLSA. Thus, the undersigned recommends that plaintiff be awarded $6,730.00 in attorneys' fees and $555.00 in costs.

## V. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff Alejandro Tapia against defendant Taka, Inc. in the total amount of $26,064.06, which consists of $9,389.53 in unpaid minimum and overtime wages, $9,389.53 in liquidated damages, $6,730.00 in attorneys' fees, and $555.00 in costs.

## VI. <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following addresses:

    Taka, Inc.
    d/b/a Taka Japanese Steakhouse & Sushi
    70 Doc Stone Rd #115
    Stafford, VA 22556

    Taka, Inc.
    c/o Paul Khahn Nguyen, Registered Agent
    70 Doc Stone Rd #115
    Stafford, VA 22556

    Paul Khahn Nguyen
    4124 Fairfax Center Creek Drive
    Fairfax, VA 22030

                                        /s/
                          Theresa Carroll Buchanan
                          United States Magistrate Judge

                          THERESA CARROLL BUCHANAN
                          UNITED STATES MAGISTRATE JUDGE

March ___, 2016
Alexandria, Virginia

19